UNITED STATES of America,
Plaintiff-Appellee,

v.

Dean S. HAZEL, (81–1616), James G.
Lott, (81–1630),
Defendants-Appellants.

Nos. 81–1616, 81–1630.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 19, 1982.

Decided Jan. 5, 1983.

Rehearing and Rehearing En Banc
Denied April 12, 1983.

Bernard J. Goldman (argued), Missoula, Mont., for defendants-appellants.

Leonard R. Gilman, U.S. Atty., Richard L. Delonis, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before KENNEDY and KRUPANSKY, Circuit Judges, and CECIL *, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This is a consolidated appeal by defendants/appellants Dean Hazel (Hazel) and James Lott (Lott) asserting that selective prosecution and improper jury instructions require reversal of their convictions for income tax-related offenses. Although each appellant was separately indicted and tried, they were represented by the same counsel and the appeals raise an identical issue.

These cases arise out of a self-described "tax revolt" in Michigan which Hazel and Lott claim to have "co-founded". The movement, embodied in an organization named "We the People A.C.T.", is said to have 4,300 members in Pontiac and Flint, Michigan who share the appellants' "outspoken and vocal" belief that "taxes are unconstitutional".

Hazel, specifically, was indicted for filing false withholding certificates with his employer in 1979 and 1980 in violation of 26 U.S.C. § 7205. The certificates contained a signed statement by Hazel that he had no tax liability during the previous year and anticipated none in the current year. The Government's evidence, unrefuted below and unchallenged on appeal, established that these claims by Hazel were false. Hazel was sentenced by Judge James Churchill to consecutive one year sentences for each violation.

Lott was also charged with filing false withholding certificates for 1979 and 1980 in violation of 26 U.S.C. § 7205. Moreover, he was indicted for failure to file an income tax return in 1975, 1976, 1977, 1978 and 1979 in violation of 26 U.S.C. § 7203. Judge Churchill sentenced Lott to a total of two and one-half years confinement for the conviction on all seven counts.

Both Hazel and Lott filed identical pretrial motions to dismiss their respective cases for the reason that it was "patently obvious that the Internal Revenue Service is aiming at the leaders of the tax rebellion movement to suppress their expression which is a constitutionally protected right * * *." The appellants argued that an evidentiary hearing was required to establish that prosecution of Hazel and Lott "rested upon some valid ground". The motions to dismiss and to conduct an evidentiary hearing were denied.

The second issue joined on appeal is confined to the trial of appellant Hazel and concerns a supplemental jury instruction on the meaning of "good faith misunderstanding of the law", which instruction sought to clarify that such a misunderstanding is not equivalent to a willful disagreement with a known legal duty.

The basic authority on the question of selective prosecution remains *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) wherein Justice Clark opined:

[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case may imply a policy of selective enforcement, it was not stated that the selection was based upon an unjustifiable standard such as race, religion or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged.

368 U.S. at 456, 82 S.Ct. at 506 (citations omitted).

Accordingly, it has been held that a defendant asserting selective prosecution:

. . . bears the heavy burden of establishing, *at least prima facie,* (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, *and* (2) that the government's discriminatory selection of him has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights.

* Judge Cecil concurred in this opinion prior to his death on November 26, 1982.

United States v. Berrios, 501 F.2d 1207, 1211 (2nd Cir.1974) (emphasis added). This test has been recognized in a majority of circuits. *See, e.g., United States v. Murdock,* 548 F.2d 599 (5th Cir.1977); *United States v. Ojala,* 544 F.2d 940 (8th Cir.1976); *United States v. Bourque,* 541 F.2d 290 (1st Cir.1976); *United States v. Peskin,* 527 F.2d 71 (7th Cir.1975), *cert. denied,* 429 U.S. 818, 97 S.Ct. 63, 50 L.Ed.2d 79 (1976); *United States v. Scott,* 521 F.2d 1188 (9th Cir.1975), *cert. denied,* 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976). *See also United States v. Cooper,* 577 F.2d 1079, 1086 (6th Cir.), *cert. denied,* 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978); *United States v. Legget & Platt, Inc.,* 542 F.2d 655, 658 (6th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977).

■ Therefore, it is only when this prima facie showing has been made and the defendant has proven a "colorable entitlement" to a dismissal for selective prosecution, that an evidentiary hearing should be held. *United States v. Brown,* 591 F.2d 307, 310–11 (5th Cir.1979). A mere allegation that the exercise of First Amendment rights led to the prosecution does not mandate a full evidentiary hearing. Rather, "[a] hearing is necessary only when the motion alleges sufficient *facts* to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose." *United States v. Larson,* 612 F.2d 1301, 1304–05 (8th Cir.1980) (emphasis added).

■ In the present case, the appellants alleged the following facts before the district court in support of their motion for dismissal for selective prosecution: (1) 34 other members of the Michigan tax revolt group committed tax violations but were not facing prosecution; and (2) the defendants were singled out from this group because they were "outspoken and vocal" about their activity. Arguably, the assertion that 34 persons were not facing prosecution for the same offense as the defendants were charged with is a sufficient fact to claim a colorable right to dismissal under the first prong of the *Oyler* test—that the

defendants have been singled out from others similarly situated. However, in order to justify a hearing, a "colorable right" must also be shown pursuant to the second prong.

An analysis of the defendants' assertions regarding motive establishes that they believe the government prosecuted them because they were highly visible leaders of their movement. In a case directly on point, which was explicitly relied upon by the trial court herein, the Eighth Circuit in *United States v. Catlett,* 584 F.2d 864, 868 (8th Cir.1978) stated:

Defendant's theory is *not* that he has been singled out for prosecution solely because he has protested the war and tax policies of the government. Rather, he objects to his prosecution only on the basis that he was selected due to the *publicity* his protests have received. The decision to prosecute, therefore, rests upon the amount of publicity one's protests receive, not upon the exercise of one's first amendment right to free speech. Such a decision is not based upon an impermissible ground but rather serves a legitimate governmental interest in promoting public compliance with the tax laws. The government is entitled to select those cases for prosecution which it believes will achieve this objective. The prosecution of the defendant clearly falls within this range of prosecutorial discretion. Accordingly, we hold that the district court did not err in denying the defendant discovery and a hearing on his selective prosecution claim.

*Accord, United States v. Stout,* 601 F.2d 325, 328 (7th Cir.1979); *United States v. Johnson,* 577 F.2d 1304, 1309 (5th Cir.1978).

■ Stated differently, even if Hazel and Lott had conclusively proven their charge that the Government initiated prosecution because of the great notoriety of their protests, that fact would not, as a matter of law, be an impermissible basis for prosecution. It follows that no purpose would be served by conducting a full evidentiary hearing on a charge which, even if proved, is immaterial and insufficient as a matter of law to support dismissal for selective

**476**

prosecution. The district court here satisfied itself in an extended colloquy that the motion before him involved precisely the same issue as *Catlett* and thereupon pronounced the correct rule of law and denied the evidentiary hearing.

■ Further, the Court finds that the issue of the supplemental jury instruction was neither properly preserved for appellate review nor demonstrates such "exceptional circumstances" as would produce a "miscarriage of justice" if not corrected. *United States v. Rudinsky,* 439 F.2d 1074, 1076 (6th Cir.1971).

Wherefore, the decisions of the trial court to deny an evidentiary hearing on the selective prosecution claims and to promulgate a supplemental jury instruction are hereby AFFIRMED.