**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Mark Alden SCHMUCKER,**
**Defendant-Appellant.**

**No. 82–3701.**

United States Court of Appeals,
Sixth Circuit.

March 12, 1984.

Rehearing and Rehearing En Banc
Denied March 12, 1984.

Before MERRITT, Circuit Judge, PHILLIPS, Senior Circuit Judge, and SPIEGEL,* District Judge.

---

* The Honorable S. Arthur Spiegel, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

## ORDER DENYING PETITION FOR REHEARING EN BANC

A majority of the Court having not voted in favor of en banc rehearing, the petition for rehearing has been referred to the hearing panel for disposition.

Upon consideration, it is ORDERED that the petition for rehearing be and hereby is denied.

WELLFORD, Circuit Judge, dissenting.

I respectfully dissent from the failure of this court to rehear *en banc* the appeal in this case following the opinion of my colleague, Gilbert S. Merritt, entered November 25, 1983, 721 F.2d 1046. I believe this proceeding "involves a question of exceptional importance" as set out as a prerequisite for determination of causes by the court *en banc*. Fed.R.App.P. 35(a)(2). Within the time specified under this rule, a petition for rehearing with suggestion for rehearing *en banc* was filed by the United States Attorney for the Northern District of Ohio. An attorney from the General Litigation and Legal Advice Section of the Criminal Division of the United States Department of Justice joined in this petition and signed the brief in support thereof, which I found persuasive.

This case involves the national Selective Service draft registration program instituted by the President and procedures involved for violation of the registration requirement (50 U.S.C.App. §§ 453 and 462). The opinion of Judge Merritt in this case follows the dissenting opinion of a judge of the Ninth Circuit; disregards the majority opinion of that court;[1] and overrules the action of the trial court in denying defendant-appellant Schmucker's motion for an evidentiary hearing on his claim of selective prosecution prior to his conviction by jury trial. Schmucker refused to register as required by law despite "efforts by the Federal Bureau of Investigation and a

government attorney to persuade him" to the contrary. (P. 1048, of Judge Merritt). His contention with respect to selective prosecution was that the government was "prosecuting only those persons who ... publicly expressed disagreement with the draft registration law." *Id.* at 1048.

Judge Merritt makes reference in his opinion to an earlier decision of this court in *United States v. Hazel*, 696 F.2d 473 (1983), which also dealt with a claim of selective prosecution. *Hazel*, however, imposes a "heavy burden" on a defendant asserting selective prosecution, claiming a "protestor" status to show (1) that others similarly situated have not been prosecuted and (2) that the decision to prosecute was made invidiously or in bad faith.

The appellant in this case wrote a letter to the Selective Service Department expressing his refusal to register; the defendant in *Hazel* was a vocal opponent of and protestor against the tax system of the government. That defendant in *Hazel* was one of the "highly visible leaders of their movement" was found to be insufficient to require a hearing despite first amendment claims. *Hazel* at 475. Citing *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the *Hazel* court held "even if Hazel and Lott had conclusively proven their charge that the Government initiated prosecution because of the great notoriety of their protests, that fact would not as a matter of law, be an impermissible basis for prosecution." *Id.* at 475.

This case may fit another prerequisite for an *en banc* hearing "to secure or maintain uniformity of its [this court's] decisions" under Fed.R.App.P. 35(a)(1) as Schmucker's situation, even if this assertion were given credence, would appear to be no stronger than Hazel's.

Attached to the petition for rehearing was a memorandum of the government, dated March 19, 1982, which was apparent-

---

1. *See, United States v. Wayte,* 710 F.2d 1385 (9th Cir.1983).

ly submitted in evidence by defendant-appellant in support of his selective prosecution claim that the government prosecuted "protestors only," such as himself. It was indicated there that an active system for identifying non-registrants was being implemented prior to the time of this indictment. This letter memorandum was referred to in Judge Merritt's opinion. It also indicated that identification of potential registration violators was complicated, and that the system would not be productive until sometime in 1983. It noted that 183 identifications of non-registrants had been made based on reports from violators themselves, (defendant-appellant himself fits within that classification) and from third parties. In the interim, while the program was being implemented, the United States would undertake to prosecute known violators, such as Mr. Schmucker, under the following standard:

> Assuming that the "active identification" non-registrant class is so large that prosecution of everyone is impracticable, we could apply the *same* selection standard to the "passive" referrals as to the "active" referrals. Not only would we avoid some of the "passive" legal problems, we could probably even avoid some of the "passive" prosecutions. Nevertheless, we cannot recommend putting the "passives" on hold until the "actives" are referred. We are precluded from doing so by one factor—time. If the Department of Justice waits until late this year to institute prosecutions of non-registrants, *the registration scheme will suffer greatly.* Consequently, we reluctantly conclude that United States Attorneys should be directed to proceed to prosecution with the matters which have already been referred to them.

*Memorandum* (3/19/82) at 2 [emphasis added]. This standard, it appears to me, was carefully considered and found to meet constitutional standards in *Wayte.* The government's standard was found in *Wayte* to be a good faith assessment by those charged with prosecution of registra-

tion law violators that acting in a timely fashion against known violators to preserve the integrity of the law was deemed important to the national defense.

The government offers two explanations for its selection procedure: (1) the identities of other violators were not known, and (2) violators who expressed their refusal to register made clear their willful violation of the law.

The first explanation is logical and does not evidence impermissible motives. Moreover the government has made an effort to establish a system for identifying nonregistrants who are not otherwise brought to its attention.

The second justification is permissible also. The government may, in making prosecutorial decisions, "consider whether the potential defendants have, by their public statements or otherwise, made clear their actual or intended participation in the illegal activity." *[United States v.] Taylor,* 693 F.2d [919] at 923 [ (9th Cir.1982) ] (footnote omitted).

*Wayte,* 710 F.2d 1385, 1388.

In this case the district court had before it the policy of the Department of Justice and the local United States Attorney's office that it prosecutes only those who, like Schmucker, confess to their non-registration violation *and* others who are reported to it. Only those who continue to refuse to register after receiving letters and visits from the F.B.I. are prosecuted. It would appear that those who persist in not registering are being prosecuted under the policy already made known to the trial court, this court, and the Ninth Circuit Court.[2] I believe this issue should have been considered by our entire court.

KRUPANSKY, Circuit Judge, joins Circuit Judge WELLFORD's dissent.

---

**2.** Apparently, the Eighth Circuit Court of Appeals also considers this issue of such moment it has elected to hear appeals *en banc* sua sponte.

(*United States v. Martin and Eklund,* No. 82–2425 and No. 82–2502 (8th Cir.)).