843 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-1132.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. JONES, Defendant-Appellant.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1988.
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, a former lieutenant in the Sheriff's Department of Genesee County, Michigan, was convicted on a charge of conspiracy to possess marijuana. His conviction was one of several that resulted from an investigation by state and federal law enforcement agencies into drug use and trafficking going on within the Sheriff's Department. Jones was represented by retained counsel at trial, but appeals his conviction pro se. His brief raises a number of separate arguments regarding errors in the trial, none of which we find to have merit. We conclude that Jones has failed to show that he was deprived of a fair trial or that the district court committed reversible error.
 
 
 2
 In early 1984, Lieutenant Jones contacted Lieutenant John Fiedler of the Michigan State Police to initiate an investigation, but the scope of that investigation is not clear.[1] In any event, this investigation eventually resulted in the state court convictions of several Sheriff's Department employees in 1985.
 
 
 3
 In addition, the Drug Enforcement Agency and the U.S. Attorney's Office began investigating illegal drug distribution and use by Genesee County law enforcement officials who had not been charged in the state court prosecutions. A local prosecutor, Dennis Lazar, was sworn as a Special Assistant U.S. Attorney, and a grand jury investigation began.
 
 
 4
 Following that investigation, Jones, along with five other employees of the Genesee County Sheriff's Office, was indicted for conspiracy to possess marijuana and/or cocaine. Jones was also charged with possession of cocaine, and distribution of marijuana. Jones apparently admitted at trial that he had smoked marijuana that had been voluntarily supplied to him by alleged coconspirators on several different occasions. Jones was convicted by the jury on the conspiracy count, and sentenced to two years probation, but he was acquitted on the distribution of marijuna charge. The district court granted his motion for a directed verdict on the possession of cocaine charge. Jones appeals from his conviction on the conspiracy charge.
 
 
 5
 Jones argues that he was selectively prosecuted for possession of small amounts of marijuana because he was a police officer.[2] The government argues that we should not consider this issue because it was not raised before the district court. Jones counters by asserting, without reference to the record, that the district judge himself expressed concern about the charge in light of defendant's status in law enforcement. The failure of defense counsel to raise and argue this issue before the district court, however, precludes our consideration for the first time on appeal.[3] It is clear, moreover, that "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation," Oyler v. Boles, 368 U.S. 448, 456 (1962), and this court has recognized that selectivity may serve legitimate government interests. See Hazel, 696 F.2d at 475 (quoting United States v. Catlett, 584 F.2d 864, 868 (8th Cir.1978)).
 
 
 6
 Jones argues that the government withheld pertinent evidence from the jury by not furnishing him a report that Lieutenant Fiedler made when he was first contacted by the defendant. Jones asserts that this report would show that he requested an investigation both into police and political corruption and into drug trafficking in the county jail. Fiedler testified, however, that he entered the jail undercover only to investigate a single deputy. Jones speculates he could use Fiedler's report to show that jail employees convicted in the state court prosecutions had reason to testify against him out of revenge and that Special Assistant U.S. Attorney Lazar was acting vengefully against him.
 
 
 7
 Jones' argument is that the government's withholding of the report violated the principles of Brady v. Maryland, 373 U.S. 83, 87 (1963), which holds that the prosecution's suppression of evidence favorable to the accused upon the accused's request violates due process if the evidence is material either to guilt or to punishment.
 
 
 8
 Jones has failed to allege facts showing that the prosecution had access to the report in question, and he has also failed to show that he requested production of this report specifically either before or during the trial. In addition, although the report, if it contains the evidence that Jones alleges, might bear on Jones' guilt by showing bias on the part of witnesses for the government, Jones does not show that the report's omission rises to the level of a constitutional violation requiring the verdict to be set aside. United States v. Agurs, 427 U.S. 97 (1976), held that omitted evidence should be evaluated in light of the entire record and that constitutional error is committed only if the omitted evidence created a reasonable doubt about the accused's guilt that did not otherwise exist. In this case, the omission of Fiedler's report would not cast reasonable doubt on Jones' guilt in light of Jones' own admissions at trial that he had obtained marijuana from the alleged coconspirators. Jones has not shown a constitutional error requiring the verdict to be set aside.
 
 
 9
 Jones argues that the instructions submitted to the jury on the conspiracy charge were too long, too confusing, and favorable to the prosecution. Prior to the jury charge, Jones' counsel objected only to the district court's planned instruction regarding the jury's ability to find multiple conspiracies within a single conspiracy charged. In addition, Jones' counsel requested that the court give the jury an instruction based on United States v. Flaherty, 668 F.2d 566 (1st Cir.1981), which the court denied.
 
 
 10
 The court gave the jury the following instruction on single and multiple conspiracies:
 
 
 11
 Although the indictment charges a single conspiracy, you could find from the evidence that two or more separate and unconnected conspiracies existed. Whether there was one conspiracy, several conspiracies, or no conspiracy at all is a fact for you to determine from the evidence in accordance with these instructions.
 
 
 12
 If you find beyond a reasonable doubt that one or more conspiracies to possess marijuana or cocaine existed, then you must determine whether each defendant knowingly joined any such conspiracy. In making that decision, you must completely disregard the acts and statements of persons you find not to have been members of such conspiracy; and you must also disregard any evidence that pertains to other defendants who were not a part of such a conspiracy or the evidence pertaining to other conspiracies.
 
 
 13
 This charge is based on Devitt & Blackmar, Federal Jury Practice and Instructions Sec. 27.16, and is not inconsistent with the law of this circuit. This is not a Kotteakos v. United States, 328 U.S. 750 (1946) (indictment charged one conspiracy, the evidence could be reasonably construed only as supporting a finding of multiple conspiracies), case. In this case, the jury reasonably could have concluded that the testimony of government witnesses and Jones himself supported a single conspiracy consisting of two or more persons named in the indictment, or they could have concluded that the evidence proved several separate conspiracies in which the named conspirators participated. The district judge himself, rather than any of the defendants, raised the concern that the evidence would support a finding of multiple conspiracies. In the event the jury had found multiple conspiracies to exist, the judge's cautionary warning to the jury properly would have prevented the "spill over" of evidence. The instructions submitted to the jury did not constitute prejudicial error or deprive Jones of a fair trial.
 
 
 14
 We find the other assigned errors not to require detailed discussion, although we have considered each one in light of the record. Suffice it to say that we conclude that Jones has failed in his burden of showing any error requiring a reversal of the conviction.
 
 
 15
 We accordingly AFFIRM the judgment of the district court.
 
 
 
 [1]
 Jones claims that Fiedler was to investigate large scale corruption in the Sheriff's Department and the Genesee County Government as well as drug trafficking in the county jail. Fiedler testified that he was brought in to investigate a single deputy alleged to be selling drugs
 
 
 [2]
 Actually, Jones' initial brief, by relying on Robinson v. California, 370 U.S. 660 (1962), seemed to frame the issue as being whether he was convicted on the basis of a status offense. Once the government interpreted his argument as raising a selective prosecution issue, however, Jones also discussed this theory in his reply brief
 
 
 [3]
 Even if we were to consider this claim, Jones has not established a prima facie case of selective prosecution. See United States v. Hazel, 696 F.2d 473, 474 (6th Cir.1983)