899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul F. LAMB, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 89-5739.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before MARTIN and NATHANIEL R. JONES, Circuit Judges; and ROBERT E. DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Paul Lamb appeals from the district court's order dismissing his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. Lamb pled guilty to one count of carrying a concealed deadly weapon, cocaine possession, and second-degree persistent felony offender status. He was sentenced to ten years imprisonment.
 
 
 4
 Lamb claimed that his conviction was invalid because he received ineffective assistance of counsel, he was subjected to an illegal search, and he was selectively prosecuted.
 
 
 5
 After reviewing the respondent's answer, Lamb's reply, the magistrate's report and recommendation, and Lamb's objections, the district court dismissed the petition. The court decided that counsel was not ineffective, the search was legal, and Lamb did not establish that he was selectively prosecuted, or that there was an impermissible motive for his prosecution.
 
 
 6
 Lamb raises the same arguments on appeal.
 
 
 7
 Upon consideration, we conclude that the district court correctly dismissed this petition.
 
 
 8
 First, the district court properly dismissed Lamb's claim that he was denied effective assistance of counsel and, as a result, his guilty plea was invalid. To establish ineffective assistance of counsel, he must show that counsel's performance was deficient and, but for counsel's errors, he would not have pled guilty, but instead would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Lamb argued that his counsel erroneously advised him that any sentence would run concurrent with the unserved portion of a sentence which he previously received. Lamb did not allege that he would have continued to plead not guilty had he known that Ky.Rev.Stat. Sec. 533.060(3) required the ten-year sentence to run consecutive to the sentence to which he was already subject. Lamb's counsel negotiated a ten-year sentence in a plea bargain agreement, thereby avoiding a possible forty-year sentence. Lamb did not establish that he would have insisted on going to trial, thereby facing a possible maximum sentence, if he had known that the sentence would not run concurrently with his previous sentence. Furthermore, a review of the record indicates that his guilty plea was knowing, voluntary, and intelligent.
 
 
 9
 Second, the district court correctly denied Lamb's claim that he was subjected to an illegal search. Habeas relief cannot be granted on this ground as a knowing and intelligent guilty plea waives non-jurisdictional defects in the proceedings, such as this search and seizure issue. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Lamb's guilty plea was knowing and intelligent. At the guilty plea hearing, Lamb's counsel indicated that he had explained Lamb's rights to him, that he understood the nature of the proceedings and was able to assist in his defense, that his plea was made voluntarily, knowingly and understandingly, and that Lamb, consistent with counsel's advice, wished to be sentenced by the court without a jury. The court then addressed Lamb. He indicated that he wanted to plead guilty. He indicated that he was not under the influence of alcohol or drugs, and that nothing prevented him from intelligently understanding the questions. Lamb indicated that he fully understood the charges, and then he pled guilty. This shows that his guilty plea was voluntary. See Brady v. United States, 397 U.S. 742 (1970).
 
 
 10
 Finally, Lamb argued that he was subjected to vindictive and discriminatory prosecution because a law enforcement officer gave false testimony against him. In order to prove that a criminal defendant was subject to selective prosecution, he must show that he was "singled out" for prosecution while other similarly situated violators were left untouched, and that his selection for prosecution was based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights. See United States v. Hazel, 696 F.2d 473, 474 (6th Cir.1983). Lamb has not alleged facts to satisfy this test; allegations of false testimony do not satisfy the test for selective enforcement. Thus, this claim is without merit.
 
 
 11
 For these reasons, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation