995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARMEN'S EAST, INC.; Carmen's of Roseville, Inc.; Easy
Street Cafe, Inc.; Carmello Sgroi; Karen Sgroi;
Joseph Sgroi, Plaintiffs-Appellees,
v.
Jodie HUGGINS; Bruce Parris; Robert Honey, Amy Trimble;
Paul Ott; Scott Sheets, Defendants-Appellants.
 No. 92-1590.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1993.
 
 Before MERRITT, Chief Judge and GUY and NELSON, Circuit Judges.
 MERRITT, Chief Judge:
 
 
 1
 The defendants are state police officers. They are sued under 42 U.S.C. § 1983 in their individual capacities, as distinguished from their official capacities. See, generally, Brandon v. Holt, 469 U.S. 464 (1985); Wells v. Brown, 891 F.2d 591 (6th Cir.1989). The defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging, inter alia, that they are entitled to qualified immunity as police officers, under Harlow v. Fitzgerald, 457 U.S. 800 (1982). The district court held that the facts as alleged did not support a finding of qualified immunity. The defendants have filed an interlocutory appeal of the denial of qualified immunity as they are entitled to do under Anderson v. Creighton, 483 U.S. 635 (1987) and Mitchelll v. Forseth, 472 U.S. 511 (1985).
 
 
 2
 The defendants allegedly retaliated against plaintiffs for exercising their rights to sue under the petition for redress of grievances clause of the First Amendment as applied to the defendants through the Fourteenth. The plaintiffs claim that the defendant officers tried to close down their restaurant businesses by constantly harassing them with overzealous enforcement of the Michigan Liquor Control laws including numerous unjustified citations and arrests. Plaintiffs complaint alleges: that these actions were taken against their establishments and not others similarly situated; that they were done in bad faith; and were motivated by a desire to retaliate against plaintiffs for asserting their fundamental right of access to the courts. The plaintiffs claim that these elements state a claim for denial of Equal Protection of the Laws by defendants. They allege that any reasonable officer would be aware that such actions could violate the Fourteenth amendment so the defendants are not entitled to qualified immunity.
 
 
 3
 The district court stressed that its denial of qualified immunity was based on the facts as alleged, since those facts must be accepted in the context of a motion to dismiss. The court left open the possibility that proof offered at trial or in connection with a motion for summary judgment would support a contrary finding. We affirm that limited ruling.
 
 
 4
 Under Harlow v. Fitzgerald, 457 U.S. 800 (1981), "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818; See also, Anderson v. Creighton, 483 U.S. 635, 639-40 (1987) (Discussing the meaning of "clearly established").
 
 
 5
 The plaintiffs have a clearly established right to access to the courts that is part of the right of petition of the First Amendment. See, California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 513 (1972). The officers alleged infringement of this fundamental right could give rise to a claim of denial of Due Process or Equal Protection of the laws, but we deal only with the Equal Protection argument here.[1] The courts have also clearly established that an Equal Protection claim may arise when a plaintiff is subjected to selective enforcement of the laws in retaliation for the exercise of a fundamental right. Oyler v. Boyles, 368 U.S. 448, 456 (1982). The Sixth Circuit has stated that the party making such a claim must establish:
 
 
 6
 (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the governments's discriminatory selection of him has been invidious or in bad faith, ie, based upon ... the desire to prevent exercise of his constitutional rights.
 
 
 7
 United States v. Hazel, 696 F.2d 473 (6th Cir.1982).
 
 
 8
 We find that the plaintiffs complaint alleges sufficient facts to satisfy these elements. The complaint alleges that the liquor statutes were enforced in a discriminatory manner. It incorporates a lengthy appendix outlining the alarming increase in the frequency of recent incidents of enforcement compared with incidents during plaintiffs' prior years of operation. Further, it states that the motivation for the enforcement was retaliation for plaintiffs' defense of a civil suit brought by a friend of defendant Huggins. The complaint lists numerous statements allegedly made by some of the defendants indicating that they were motivated by personal animus and a desire to discourage plaintiffs in their defense of a civil suit, not by a concern for law enforcement.
 
 
 9
 For the foregoing reasons, we AFFIRM the district court's ruling that the defendants are not entitled to dismissal of the claim due to qualified immunity.
 
 
 
 [1]
 In fact plaintiffs included both claims in their complaint but the district court dismissed their Due Process claim and there is no appeal of that decision before us now. Therefore we confine our discussion to the Equal Protection Claim