**UNITED STATES of America,**

v.

**Ronald Henderson BLACKLEY, Defendant.**

**No. CRIM. 97–0166(RCL).**

United States District Court, District of Columbia.

Nov. 14, 1997.

---

Donald C. Smaltz, William F. Fahey, Joseph P. Guichet, Office of the Independent Counsel, Alexandria, VA, for Plaintiff.

Sheldon Krantz, Elizabeth R. Dewey, Barbara Rowland, Piper & Marbury, L.L.P., Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on defendant's Motion to Dismiss, or, in the Alternative, to Hold an Evidentiary Hearing Based on Selective Prosecution. For the reasons stated below, defendant's motion is denied.

A defendant bringing a selective prosecution claim carries a demanding burden, as government enforcement actions are entitled to a strong presumption that they are carried out in regularity and good faith. *See United States v. Armstrong*, 517 U.S. 456, ——, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996); *Attorney General of the United States v. Irish People, Inc.*, 684 F.2d 928, 933 n. 11 (D.C.Cir.1982). This substantial burden exists because government prosecutors are granted broad discretion in deciding which persons and cases to pursue. *See Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). This latitude of choice is necessary because:

> such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.

*Id.* at 607, 105 S.Ct. at 1530.

Though a prosecutor's discretion is broad, it is not without some constraints. Criminal charges may be dismissed on the basis of selective prosecution if a defendant is (1) singled out for prosecution from among others similarly situated and (2) the prosecution is improperly motivated, *i.e.* based on an

arbitrary classification. *See United States v. Washington,* 705 F.2d 489, 494 (D.C.Cir. 1983); *Branch Ministries, Inc. v. Richardson,* 970 F.Supp. 11, 16 (D.D.C.1997). In order to be entitled to discovery or an evidentiary hearing in a selective prosecution case, a defendant must offer the court at least a colorable claim, *Branch Ministries,* 970 F.Supp. at 16, which is met by " 'some evidence tending to show the existence of the essential elements of the claim.' " *Id.* (quoting *United States v. Armstrong,* 517 U.S. 456, ——, 116 S.Ct. 1480, 1488, 134 L.Ed.2d 687 (1996)). The District of Columbia Circuit requires that this colorable showing be made with respect to both prongs of the test. *See Irish People, Inc.,* 684 F.2d at 947.

This court finds that defendant has failed to plead a *prima facie* case of selective prosecution, as he has not adequately demonstrated that he has been singled out as compared to persons similarly situated, nor has he shown that the Office of Independent Counsel's decision to prosecute was actuated by constitutionally impermissible motives.

1. Ronald Henderson Blackley ("Mr. Blackley") Has Not Adequately Demonstrated to this Court that He Was Singled Out for Prosecution by the Office of Independent Counsel.

■ Mr. Blackley's claim that he was "singled out" for prosecution among others similarly situated, and therefore has satisfied the first prong of the *Wayte* test, is based upon his allegation he that has been charged under 18 U.S.C. § 1001 under circumstances which "have never been the subject of a previous criminal prosecution." Defendant's Motion to Dismiss at 4–5. The deficiency in defendant's argument is that this court cannot discern precisely what group Mr. Blackley claims to be a member of such that he can claim to be one individual from among a larger group who was impermissibly selected for prosecution.

As best this court can tell, the group that Mr. Blackley claims to belong to (and has been unfairly "selected" out of) is the group of individuals who are required, or ever were required, to conform their behavior to 18 U.S.C. § 1001, and who are or ever were alleged to have omitted the receipt of payments from financial disclosure forms in amounts under $22,025. However, it strains credulity to presume that all of these individuals constitute "similarly situated" people, as that term is understood for the purposes of establishing a selective prosecution claim. Rather, to prevail on this prong, defendant needs to prove that there exist persons who *engaged in similar conduct* and were not prosecuted. Defendant's definition of "similarly situated" mistakenly ignores the course of events described in paragraphs 1–15 of the Indictment, even though that conduct is relevant to a determination as to whether there are others who are similarly situated to him and have not been indicted. If defendant could point to a group of government officials who were alleged to have received checks from persons with business before those officials' agencies, and those individuals were not prosecuted under 18 U.S.C. § 1001 for either their alleged failure to disclose said checks on financial disclosure forms, or for their alleged false statements on sworn declarations, Blackley's claim could theoretically survive the first prong of the selective prosecution test. In the absence of such a showing, it cannot.

Defendant's misconception of the concept of "similarly situated" is perhaps best demonstrated by distinguishing his claim from the cases he cites in support of his selective prosecution argument. In *United States v. Hoover,* 727 F.2d 387, 389 (5th Cir.1984), the court found the first prong of the selective prosecution test satisfied because only three from among over 300 persons failing to report for work as air traffic controllers were ultimately prosecuted under 18 U.S.C. § 1918(3). All of those who potentially could have been prosecuted under the statute for this conduct, but were not, fell into the same readily discernable category as those who were—air traffic controllers; in the Houston area; who failed to report for work on August 3, 1981. In *United States v. Hazel,* 696 F.2d 473 (6th Cir.1983), two members of a Michigan tax revolt group who failed to file tax withholding certificates in 1979 and 1980 were prosecuted for tax violations, while 34 others who engaged in the same "protest"

were not. Again, the *Hazel* case presents a situation in which a definable group engaged in similar conduct over ostensibly the same time period, but only a subset of that group was indicted. What *Hazel, Hoover,* and nearly all sustainable selective prosecutions claims have in common, and Mr. Blackley's allegation lacks, is some degree of commonality of conduct among the indictable group, such that the defendant challenging his indictment may make a supportable demonstration that those unindicted persons are, in fact, similarly situated, and, consequently, there must be an improper motive behind the selected individual's prosecution. "Selective prosecution implies that a selection has taken place." *Armstrong,* 517 U.S. at ——, 116 S.Ct. at 1488 (citing *United States v. Armstrong,* 21 F.3d 1431, 1436 (9th Cir.1994)).

This court has found at least one claim analogous to Mr. Blackley's. In *United States v. Mavroules,* 819 F.Supp. 1109, 1124–27 (D.Mass.1993), Congressman Nicholas Mavroules was indicted pursuant to a statute under which, he claimed, no one like him had ever previously been prosecuted and therefore, *ipso facto,* he necessarily was a victim of selective prosecution. Congressman Mavroules' contention was more firmly grounded than Mr. Blackley's claim, in that he supplied the court with financial disclosure reports, tax returns and newspaper articles concerning those other persons with whom he claimed to be "similarly situated." In that way, the court had at least some evidentiary basis on which to determine whether he was being "singled out." Even with this factual proffer the court still held that "[b]ased on his submissions, Mavroules has not only failed to make a *prima facie* demonstration that he has been singled out, he has not alleged sufficient facts tending to that he has been selectively prosecuted." *Id.* at 1127. Using *Mavroules* as a baseline for the evidentiary burden a defendant must meet to satisfy the first prong of a selective prosecution claim, this court finds that, with absolutely no factual evidence before the court

that there are or ever were other persons similarly situated who engaged in basically the same conduct and went unprosecuted, the *prima facie* showing has not been made.[1] Notably for the purposes of this case, Congressman Mavroules was denied an evidentiary hearing.

Finally, this court wishes to note that the indictment against Mr. Blackley is a three-count indictment, and that two of the counts are unrelated to the alleged false statement on his financial report. Even if it is the case that no person similarly situated to defendant (and by this the court includes the background conduct supporting the Indictment in paragraphs 1–14) has ever been indicted for failing to disclose receipt of $22,000 or less on a form SF–278 (a proposition that this court is neither adopting nor discounting at this juncture), it simply is not the case that no individual has ever been indicted under 18 U.S.C. § 1001 for alleged falsehoods contained within a sworn declaration. And, this being the case, the SF–278 count standing alone cannot subject the overall indictment to a selective prosecution challenge. "Having decided to prosecute [a given] violation of the law, it is surely within the government's broad discretion to consider all the facts and circumstances of a situation and to prosecute additional charges that, standing alone, may not have been pursued." *See Mavroules,* 819 F.Supp. at 1125. Therefore, to make the *prima facie* showing on the first prong of his selective prosecution claim, it is not enough for defendant to merely prove that no similarly situated person has ever been prosecuted under 18 U.S.C. § 1001 for SF–278 violations, but also that no similarly situated person has ever been prosecuted for alleged 18 U.S.C. § 1001 violations involving sworn statements. Having not satisfied the lesser burden to this court's satisfaction, he clearly has not satisfied the greater.

This court finds that defendant has not adequately demonstrated that there exists a group of unindicted persons similarly situated to him such that he can claim that he was

---

1. It appears this evidentiary burden of production as to whether similarly situated people were, in fact, not prosecuted is now required in all circuits. *See Armstrong,* 517 U.S. at ——, 116 S.Ct. at 1488 ("The vast majority of the Courts of Appeals require the defendant to *produce some evidence* that similarly situated defendants of other races could have been prosecuted, but were not, and this requirement is consistent with our equal protection case law.") (emphasis added).

"singled out" from that group for prosecution. Therefore, he has failed to satisfy the first prong of the selective prosecution test, and his motion must be dismissed on that basis.

2. This Prosecution Is Neither Motivated by an Improper Purpose Nor Was it in Bad Faith

■ Because defendant has failed to carry his burden with respect to the first requirement for a claim of selective prosecution, this court will address the second prong only in summary fashion. As explained above, the government's discretion as to whether to prosecute a particular case is subject to constitutional constraints. Therefore, the decision to prosecute cannot be based on "an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *See Wayte*, 470 U.S. at 608, 105 S.Ct. at 1530. In this case, however, defendant does not even attempt to allege that the Independent Counsel's decision to prosecute was made on a basis that would trigger equal protection or First Amendment concerns. He does not claim that the prosecution was pursued due to his race, gender, religion, ethnicity or because of the content of his speech. Rather, the gravamen of defendant's claim is that the prosecution is improperly motivated because it is based upon personal animosity toward defendant on account of his failure to assist the Office of Independent Counsel in its investigation of Secretary of Agriculture Alphonso Michael ("Mike") Espy. *See* Defendant's Motion at 7 (alleging that the OIC became "displeased" at Mr. Blackley for his failure to provide incriminating evidence).

However, defendant has failed to make the requisite showing that the Independent Counsel's office was either improperly motivated by personal animosity or vindictive in its determination to bring these charges against Mr. Blackley. As such, defendant has not met his burden of production in this regard. It is not only permissible but in fact routine for a prosecutor to agree to not pursue charges, or consent to a more lenient plea agreement, in exchange for cooperation with an ongoing investigation. *See e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (holding that a prosecutor was not proscribed from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged.) At most, that is the conduct in which the Independent Counsel's office has engaged here. Neither the two letters nor the Jeffrey S. Jacobovitz affidavit supplied to this court indicate, to this court's satisfaction, that the manner in which the Independent Counsel's office obtained the Blackley indictment demonstrates the degree of bad faith or maliciousness such that the second prong of the selective prosecution test is satisfied.

3. Request for an Evidentiary Hearing

Because defendant has not alleged a sufficient or colorable *prima facie* claim of selective prosecution, he is not entitled an evidentiary hearing or discovery. *See Branch Ministries, Inc. v. Richardson*, 970 F.Supp. 11, 16 (D.D.C.1997); *United States v. Armstrong*, 517 U.S. 456, ——, 116 S.Ct. 1480, 1489, 134 L.Ed.2d 687 (1996).

For the aforementioned reasons, it is hereby

ORDERED that defendant's Motion to Dismiss Indictment is DENIED, and it is further

ORDERED that defendant's request for an evidentiary hearing based on selective prosecution is DENIED.

SO ORDERED.