JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, David Dantzig ("Dantzig"), appeals from his conviction for violating Section 1420.05 of the City of Pepper Pike Codified Ordinances for failing to properly maintain his driveway. For the reasons adduced below, we affirm.
 {¶ 3} On September 24, 2002, Dantzig was cited for violating the above-mentioned ordinance. Dantzig raised the defense of selective prosecution. The case proceeded to trial on July 3, 2003. The parties stipulated that the condition of Dantzig's driveway was in violation of Section 1420.05. However, Dantzig indicated to the court that he wished to proceed with his defense of selective prosecution.
 {¶ 4} The City of Pepper Pike ("the City") argued that Dantzig was not entitled to a hearing on his defense because no prima facie evidence of selective prosecution had been shown. While the trial court agreed and determined that Dantzig was not entitled to a hearing, the court allowed Dantzig to proffer his testimony on selective prosecution.
 {¶ 5} Dantzig proceeded to testify to a number of instances in which he felt he had been unfairly singled out by the City. With respect to the charge at hand, Dantzig asserted that he had taken approximately one hundred pictures of other driveways in the vicinity of his home and roughly eighty percent violated the City's ordinance. These pictures were submitted into evidence. Dantzig also stated he obtained City records revealing only one to three warnings or citations had ever been issued to other residents prior to the citation being issued to him. After Dantzig submitted lists of other homes he believed violated the City ordinance, the City building inspector sent out up to fifty more citations for bad driveways.
 {¶ 6} At the conclusion of Dantzig's testimony, Dantzig moved to dismiss the case. The trial court did not issue a ruling at the time and instructed the parties to file briefs. Thereafter, the trial court denied dismissal on the basis of selective prosecution and found Dantzig was guilty as charged. Dantzig has appealed this ruling, raising two assignments of error for our review which provide:
 {¶ 7} "Assignment of Error No. 1: The court abused its discretion in finding that the defendant must establish a prima facie case before proceeding to hearing on the issue of selective prosecution."
 {¶ 8} "Assignment of Error No. 2: The court abused its discretion in failing to find that the City of Pepper Pike had selectively enforced its building code and selectively prosecuted the defendant."
 {¶ 9} In State v. Lamar, 95 Ohio St.3d 181, 192,2002-Ohio-2128, the Ohio Supreme Court set forth the following standard for analyzing a claim of selective prosecution:
"The decision whether to prosecute a criminal offense isgenerally left to the discretion of the prosecutor. UnitedStates v. Armstrong, 517 U.S. at 464, 116 S.Ct. 1480,134 L.Ed.2d 687. That discretion is, however, subject toconstitutional equal-protection principles, which prohibitprosecutors from selectively prosecuting individuals based on`"an unjustifiable standard such as race, religion, or otherarbitrary classification."' Id., quoting Oyler v. Boles (1962),368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446. Although aselective-prosecution claim is not a defense on the merits to thecriminal charge itself, a defendant may raise it as an`independent assertion that the prosecutor has brought the chargefor reasons forbidden by the Constitution.' State v. Getsy(1998), 84 Ohio St.3d 180, 203, 702 N.E.2d 866; see, also,Armstrong, 517 U.S. at 463, 116 S.Ct. 1480,134 L.Ed.2d 687.
 "To support a claim of selective prosecution, `"a defendantbears the heavy burden of establishing, at least prima facie, (1)that, while others similarly situated have not generally beenproceeded against because of conduct of the type forming thebasis of the charge against him, he has been singled out forprosecution, and (2) that the government's discriminatoryselection of him for prosecution has been invidious or in badfaith, i.e., based upon such impermissible considerations asrace, religion, or the desire to prevent his exercise ofconstitutional rights."' State v. Flynt (1980),63 Ohio St.2d 132, 134, 17 O.O.3d 81, 407 N.E.2d 15, quoting United States v.Berrios (C.A. 2, 1974), 501 F.2d 1207, 1211."
 {¶ 10} We reiterate that a defendant has a heavy burden to overcome the strong presumption of regularity in prosecutorial discretion. Cleveland v. Trzebuckowski, 85 Ohio St.3d 524, 533,1999-Ohio-285. It is not unconstitutional in itself to consciously exercise some selectivity in enforcing a statute that is fair on its face. Cleveland v. Ksiezyk (Nov. 1, 2001), Cuyahoga App. No. 79220. Proof of selective prosecution requires a defendant to present evidence that the prosecution had invidious motives or acted in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of constitutional rights. Id.; MayfieldHts. v. Barry, Cuyahoga App. No. 82129, 2003-Ohio-4065; Lamar,95 Ohio St.3d at 192.
 {¶ 11} In this case, Dantzig presented some evidence that others similarly situated had not generally been proceeded against for failing to properly maintain their property. However, in the absence of evidence of an invidious motive or bad faith, a court will not presume intentional or purposeful discrimination from the mere failure to prosecute other violators of the statute or ordinance that the defendant was charged with violating.State v. Freeman (1985), 20 Ohio St.3d 55, 58; State v.Spencer (Nov. 4, 1998), Scioto App. No. 97CA2536.
 {¶ 12} Dantzig also argues he was targeted as a result of speaking out about problems with the City. One impermissible consideration for selective prosecution is the desire to punish, or prevent, the exercise of First Amendment rights by the defendant. State v. Perotti (May 15, 1991), Scioto App. No. 89CA1845. Upon our review, we find Dantzig did not present any evidence to establish the building inspector's motive for issuing the citation. In fact, Dantzig testified that he was "unclear as to his motives." When Dantzig was asked whether he was alleging that the decision to issue the citation was a form of reverse racial or ethnic discrimination, Dantzig testified he did not really know what was going on. As Dantzig did not meet his burden of demonstrating an invidious motive or bad faith, he failed to present a colorable claim of discriminatory prosecution.
 {¶ 13} Dantzig also argues that the trial court committed error by precluding him from having a hearing on the merits of his defense for selective prosecution. Dantzig suggests that he should not have been required to demonstrate a prima facie case of selective prosecution in order to be entitled to a hearing.
 {¶ 14} This court has repeatedly held that a defendant is not entitled to an evidentiary hearing on a defense of selective prosecution unless a prima facie showing has been made.Cleveland v. GSX Chemical Services, Inc. (May 7, 1992), Cuyahoga App. No. 60512; Cleveland v. Abbott (Dec. 19, 1991), Cuyahoga App. Nos. 58677, 58691, and 58692; Cleveland v. Frank
(Mar. 1, 1990), Cuyahoga App. No. 56426. As stated by the Sixth Circuit Court of Appeals in United States v. Hazel (6th Cir. 1983), 696 F.2d 473, 475:
" * * * it is only when [a] prima facie showing has been madeand the defendant has proven a `colorable entitlement' to adismissal for selective prosecution, that an evidentiary hearingshould be held. United States v. Brown, 591 F.2d 307, 310-11(5th Cir. 1979). A mere allegation that the exercise of FirstAmendment rights led to the prosecution does not mandate a fullevidentiary hearing. Rather, `[a] hearing is necessary only whenthe motion alleges sufficient facts to take the question past thefrivolous state and raises a reasonable doubt as to theprosecutor's purpose.' United States v. Larson, 612 F.2d 1301,1304-05 (8th Cir. 1980)."
 {¶ 15} As already discussed, Dantzig failed to establish a prima facie showing of selective prosecution in this matter. Therefore, Dantzig was not entitled to an evidentiary hearing.
 {¶ 16} Dantzig's first and second assignments of error are overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Cooney, P.J., and Calabrese, Jr., J., Concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.