Robert J. SCHEHL,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

No. 87–1462.

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted March 28, 1988.

Decided Sept. 1, 1988.

Brian J. Williams, Akron, Ohio, for petitioner-appellant.

William J. Nelson, Chief Counsel, I.R.S., Michael L. Paup (Lead), Chief, Appellate Section, Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, William S. Rose, Jr., Elaine F. Ferris, David E. Brunori (argued), Michael J. Roach, Washington, D.C., for respondent-appellee.

Before WELLFORD and NORRIS, Circuit Judges, and COOK *, District Judge.

PER CURIAM.

This dispute presents an appeal from a February 5, 1987 decision of the Tax Court, No. 684–86, in which deficiencies were assessed against Robert J. Schehl for each of the tax years 1981 and 1982. The tax court also assessed additions to tax for those years under § 6653(a) of the I.R.C. as well as "damages" in the amount of $500.00 under § 6673. On appeal to this court, the Commissioner seeks to impose sanctions against the appellant for what he contends is a baseless appeal. We affirm the actions of the Tax Court in this case and award sanctions for bringing a frivolous appeal.

In October 1985 the Commissioner discovered that Schehl had improperly claimed two exemptions for 1981 and 1982, and sent him notice that he owed extra taxes and penalties. The notice of deficiency (FRS Form 4089) issued to Schehl assessed an increase in tax of $275 plus a 5% § 6653(a)(1) amount [1] of $13.75 for 1981, and a $308 deficiency plus a similar 5% addition for 1982.[2] The Commissioner's agent disallowed $2,000 in claimed exemptions for both years and made other adjustments to income totalling $933 in 1982. The exemptions disallowed were for appellant's niece and nephews claimed as dependents on the tax returns.

On appeal to the Tax Court Schehl admitted his claimed exemptions were not legally allowable, but said they should nevertheless be granted.

The exemptions claimed were symbolic in that they are not actual persons who were dependant or relatives of mine. However, their symbolism must be held as a valid and legal exemption to allow me full expression of my religious beliefs as guaranteed by the First Amendment to the U.S. Constituion [sic]. To disallow them would effectively impinge and indeed prohibit the exercise of my beliefs as a Roman Catholic Christian....

By disallowing my exemptions based upon the exercise of my religious beliefs, and, stating that I am not entitled to those exemptions but must pay monies to the government which promote war, militarism and unnecessary and illegal military expenditures, in effect promotes a theocracy of war. Such promotion of, or establishment of a religion which glorifies war and promotes militarism is unconstitutional and not the proper role of government, including one of its components such as the Internal Revenue Service.

Schehl also denied that he intended to shortchange the IRS, and complained that his tax return was singled out for extra scrutiny.

In both of these cases, any and all mistakes that were made were unintentional

---

\* The Honorable Julian A. Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation.

**1.** This is known as a negligence penalty under § 6653.

**2.** The 5% addition in 1982 was based on § 6653(a)(2).

and simply resulted from my ignorance or excusable neglect.

\* \* \* \* \* \*

[M]y tax return was selected for strict enforcement by the Commissioner of the Internal Revenue Service. Said selective enforcement of the Internal Revenue Service Code, because I believe and publicly stated in not paying taxes which promote unjust war and unwarranted and illegal military expenditures, is improper, illegal and unwarranted.

The Commissioner moved for judgment on the pleadings, and in a memorandum order Judge Hu S. Vandervort found that Schehl had not made any argument which would allow him to reverse the Commissioner's calculations.

The document filed as a petition to begin this case does not contain clear and concise assignments of justiciable error; rather, petitioner argues:

* * * I am a war-tax resister, who is resisting the *payment* of my taxes. * * * I am not protesting the *determination* of my tax. As written by law and I.R.S. tax tables, your assessment is correct and legal. My protest deals rather with the inordinate amount of money that is spent on the means of war and destruction while so many of the social needs (i.e., food, clothing, shelter, etc.) of our nation and the world are not being met. * * *

In his amended petition, petitioner admits that he mistakenly claimed business expenses and unintentionally failed to report income. * * * Mr. Schehl further maintains that amounts given away should be deductible in full because "[a]ny charitable donations given to help those in need implies failure of the society to provide for the needs of its people." As to the section 6653(a) addition to tax, petitioner states that "[underpayment of

taxes is a misnomer since [he] had paid out [his] tax to various groups which would provide for the social needs and make needed social change." On April 3, 1986, respondent filed an Answer to Amended Petition, in which he seeks damages pursuant to section 6673.

On June 16, 1986, respondent filed a Motion for Entry of Order That Undenied Allegations In Answer Be Deemed Admitted. In the document filed by petitioner as his response, he confirms that he is a "war tax-resister", concedes that the "assessment of [his] tax is legal and correct," and simply restates the position previously presented in the petition and amended petition.

(Footnotes omitted). Judge Vandervort noted that the Commissioner had sent Schehl a letter explaining his position was untenable, as shown by the included copy of *Greenberg v. Commissioner*, 73 T.C. 806 (1980).[3]

The Tax Court concluded that Schehl had not established that the Commissioner's assessment was incorrect. It upheld the computation of tax and penalties because it found that Schehl agreed that the Tax Commissioner's determination of the tax deficiency was correct, and because religious, moral or ethical opposition to military expenditures was not a basis to defeat the assessment of deficiencies. Among a number of other cases cited, the court relied upon *Graves v. Commissioner*, 579 F.2d 392 (6th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979). The Tax Court also approved the assessment of the penalties to the tax for each year under section 6673 because it found the taxpayer's position frivolous. Schehl's motion for reconsideration was denied.

While the government sought judgment on the pleadings, it was petitioner who asserted in his petition the claim of "selec-

---

**3.** *Greenberg* dealt with imposition of damages against a taxpayer under § 6673 for instituting proceedings merely for purposes of delay and the objection to payment of taxes. The taxpayer similarly claimed deductions "to reduce [his] legal tax to an acceptable level" as a protest against "the pursuit of war." Because the Com-

missioner during the process had made it clear that he intended to seek such damages, the Tax Court in *Greenberg* approved such assessment under § 6673, because it was not a " 'forum for protest' for a taxpayer's objections to this country's military appropriations." 73 T.C. at 807, 815.

tive enforcement." Schehl, then, had the burden in Tax Court (and here on appeal) to establish this claim in order to abate or defeat the tax assessment. That duty on the taxpayer, whether in a criminal or civil context, has been described as a "heavy burden." *See United States v. Hazel*, 696 F.2d 473, 474 (6th Cir.1983). It was stated in *United States v. Catlett*, 584 F.2d 864, 868 (8th Cir.1978), with respect to deciding to prosecute criminally an avowed and vocal tax protestor that such a decision, charged to be selective prosecution by the defendant:

> serves a legitimate governmental interest in promoting public compliance with the tax laws. *The government is entitled to select those cases* for prosecution *which* it believes *will achieve this objective* ... [and] clearly falls within this range of prosecutorial discretion.

*Catlett*, 584 F.2d at 868 (emphasis added).

 If the government may select cases under these circumstances for criminal prosecution, it may, then, select those returns for civil penalty that clearly assert a right not to pay taxes because they are viewed to be unjust or immoral or contrary to a particular religious belief. Alleged vocal opposition to taxes for a particular reason, and refusal to pay taxes, even if all assertions were taken as true in Schehl's civil petition, are simply not a basis to challenge an assessment of taxes. Schehl cites no case in support of his contention. As stated in *United States v. Johnson*, 577 F.2d 1304 (5th Cir.1978):

> "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles, supra* 368 U.S. [448] at 456, 82 S.Ct. [501] at 506 [7 L.Ed.2d 446 (1962) ]. *See also Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397 [401], 88 L.Ed. 497 (1944). Selection, moreover, is not impermissible solely because it focuses upon those most vocal in their opposition to the law which they are accused of violating. The fact that tax protestors are vigorously prosecuted for violation of the tax laws demonstrates nothing more than a legit-

imate interest in punishing flagrant violators and deterring violations by others. *Id.* at 1309.

Schehl made no further response or showing in the Tax Court in answer to the government's motion for judgment on the pleadings to indicate that, in fact, "others similarly situated have not been proceeded against" because of their position taken, or that the government's assessment of taxes was "invidious or in bad faith" or "based on unpermissible considerations." *Hazel*, 696 F.2d at 474. Schehl had the responsibility, at least, to make this *prima facie* showing and failed. *Compare United States v. Schmucker*, 815 F.2d 413 (6th Cir.1987) (selective prosecution challenge of draft evader rejected).

 The law applied in this case was well settled at the time Schehl instituted his petition in the Tax Court. We find no error in the conclusion that his position was groundless, nor in the finding that Schehl was forewarned about the Commissioner's position on assessment of penalties and additions of taxes. *See Martin v. Commissioner*, 756 F.2d 38 (6th Cir.1985), and *Beer v. Commissioner*, 733 F.2d 435 (6th Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984). We approve the imposition of the penalties and sanctions assessed by the Commissioner.

 In turning to the sanctions appropriate for maintaining a frivolous appeal before this court, we note that Schehl's attorney failed to appear, without explanation, at the oral hearing scheduled for this appeal. By separate order, we have imposed costs and fees against that attorney. Under the circumstances, we find the substance of this appeal to be groundless. We assess double costs against appellant as a further sanction on that account.

We AFFIRM the Tax Court and assess double costs on this appeal.