CHARLES J. LANHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lanham v. Commissioner
Docket No. 19476-88
United States Tax Court
T.C. Memo 1989-429; 1989 Tax Ct. Memo LEXIS 427; 57 T.C.M. (CCH) 1297; T.C.M. (RIA) 89429; August 15, 1989
*427 Petitioner, a "21" dealer, failed to file income tax returns and report income for 1983, 1984 and 1985. Petitioner asserted tax protester arguments in his petition, amended petition, at trial, and on brief. Respondent determined that petitioner had unreported wage income and used Forms W-2 to reconstruct petitioner's income. Respondent asserted in an amendment to his answer that petitioner had unreported toke income and reconstructed petitioner's toke income from toke calendars. Held, Respondent's methods of reconstructing petitioner's income are reasonable and not arbitrary. Held, further: Petitioner is liable for additions to tax for failure to file, negligence and failure to make estimated tax payments. Held, further: On the Court's own motion, damages are awarded to the United States in the amount of $ 5,000 under I.R.C. section 6673 since petitioner's position in this proceeding is frivolous and groundless and this proceeding was instituted primarily for delay. Charles J. Lanham, pro se. Paul K. Voelker, and David Sorensen, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code *428 and Rule 180 et seq. [1]
Respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
1983
$ 2,160.00
$ 497.75
$ 108.00
*
$ 139.32
1984
902.00
225.50
45.10
*
56.69
1985
706.00
176.50
35.30
*
40.46
By amendment to answer filed February 7, 1989, respondent asserted increased deficiencies and additions to tax for 1984 and 1985 as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
1984
$ 2,879.00
$ 742.50
$ 148.90
*
$ 186.31
1985
6,200.00
1,550.50
309.70
**
355.54 The total deficiencies and additions to tax are as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
1983
$ 2,160.00
$  497.75
$ 108.00
* *429 $ 139.32
1984
3,781.00
968.00
194.00
**
243.00
1985
6,906.00
1,727.00
345.00
***
396.00
The issues for decision are: (1) whether petitioner realized unreported income in the amounts determined and asserted by respondent; (2) whether petitioner is liable for additions to tax as set forth above; and (3) whether damages should be awarded the United States under section 6673. FINDINGS OF FACT Some of the facts have been stipulated orally and are so found. Petitioner Charles Lanham was a resident of Las Vegas, Nevada, when he filed his petition in this case. Petitioner did not file Federal income tax returns for 1983, 1984 and 1985. Petitioner did not produce any books or records at trial. He refused to stipulate before trial even some of the most basic facts, such as whether he had made a return or not, and the oral stipulation at trial in this case is minimal. During 1983 and part of 1984, petitioner Charles Lanham was employed by the Horseshoe Club Casino (Horseshoe). Sometime in 1984, petitioner left the Horseshoe and became employed by the Riviera Hotel and Casino (Riviera) *430 as a "21" dealer. Respondent reconstructed petitioner's wage income for 1983, 1984 and 1985 from information provided by petitioner's employers. These records, concerning Forms W-2, show that petitioner Charles Lanham received wage or salary income from his employment at the Horseshoe during 1983 and 1984 in the amounts of $ 14,599 and $ 4,194 respectively. He received wage or salary income from his employment at the Riviera during 1984 and 1985 in the amounts of $ 4,928.75 and $ 8,135.50, respectively. Income taxes in the amounts of $ 169.00 and $ .96 were withheld from petitioner's wages in 1983 and 1984, respectively; no income taxes were withheld in 1985. Petitioner filed a Form W-4 (Employee Withholding Allowance Certificate) with his employer on June 5, 1984, claiming a filing status of "married" and 13 exemptions. The effect of these claims for exemptions was to decrease substantially the amount of income taxes that otherwise would have been withheld by petitioner's employer. By an amendment to his answer, respondent asserted that during 1984 and 1985 petitioner earned additional income at the Riviera in the form of tips or "tokes" (i.e., casino chips or coins that players *431 either give to "21" dealers directly or place along their own bets as bets for the dealers). During 1984 and 1985, all "21" dealers at the Riviera pooled their tokes, and that pool was divided equally once a day among all of the dealers who had worked during that day's three shifts according to the number of hours worked by each dealer. Petitioner worked at the Riviera a total of 986 hours in 1984 and 1,799 hours in 1985. Respondent reconstructed petitioner's toke income through the use of "toke calendars." These calendars were maintained as part of respondent's toke compliance program by a number of "21" dealers employed at the Riviera. The "21" dealers who took part in this program agreed to keep a daily record of their toke income in calendar form and to submit this calendar to respondent. Using these calendars, respondent computed an average hourly toke rate of $ 11.85 per hour for Riviera "21" dealers during 1984. Respondent determined that petitioner realized $ 11,648 in toke income during 1984. (986 hours worked @ $ 11.85 per hour). Due to a mathematical error in respondent's amendment to answer, respondent determined toke income of $ 11,648 for 1984 and $ 21,548 for 1985. *432 The correct mathematical amounts are $ 11,684.10 and $ 22,037.75 respectively. Respondent is limited to the lesser amounts. Estate of Petschek v. Commissioner, 81 T.C. 260, 271-272 (1983), affd. 738 F.2d 67 (2d Cir. 1984). Using the method described above, respondent calculated an average hourly toke rate of $ 12.25 per hour for 1985. Respondent determined that petitioner realized $ 21,548 in toke income in 1985 (1,799 worked @ $ 12.25 per hour). Respondent computed petitioner's tax liability for 1984 and 1985 using the "married, filing separately" filing status, with one exemption. OPINION The first issue for decision is whether petitioner received income in the amounts calculated by respondent. Petitioner bears the burden of proving that respondent's determinations are incorrect. Rule 142(a). The burden of proof is upon respondent with respect to the amounts of increased deficiencies he has asserted. Rule 142(a). If the taxpayer keeps no records of income, or it appears the records do not clearly reflect income, respondent shall compute income under such method as, in his opinion, does clearly reflect income. Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). *433 The method adopted by respondent must produce a result that is reasonable and substantially correct. Mendelson v. Commissioner, 305 F.2d 519, 523 (7th Cir. 1962), affg. a Memorandum Opinion of this Court. Use of Forms W-2 and toke calendars as the basis of a statistical analysis is an acceptable and reasonable method of reconstructing income. Such methods have been approved in numerous decisions of this Court and others. E.g., Keogh v. Commissioner, 713 F.2d 496 (9th Cir. 1983), affg. a Memorandum Opinion of this Court; Hammers v. Commissioner, T.C. Memo. 1988-167. Respondent was forced to reconstruct petitioner's income because petitioner did not file income tax returns for the years in issue. Petitioner has not provided any information concerning his income or deductions. Petitioner argues that, in computing his tax, respondent should have calculated his tax using the "single" filing status rather than the "married, filing separate" filing status. Petitioner's accountant, George Pelletier, who tutored petitioner in tax protester arguments and tax law, testified that he believed petitioner was divorced prior to 1980. George Pelletier was not credible nor was his testimony persuasive. *434 Petitioner did not introduce a divorce decree or testify as to his marital status. On the contrary, petitioner filed a Form W-4 statement with his employer on June 6, 1984, in which he claimed that he was married. Respondent's determination is not made arbitrary or unreasonable when his failure to have all the facts is caused solely by the taxpayer. Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974). Moreover, the declaration of petitioner's marital status contained in the Form W-4 is more persuasive to us than the testimony of George Pelletier. Petitioner does not challenge the amount of his income determined by respondent by reconstruction. Rather, petitioner confines himself solely to tax protester arguments. Some of the tax protester arguments asserted by petitioner at trial and on brief are as follows: that no return was filed, so no deficiency can exist; that no provision in the Internal Revenue Code made him liable to file a return; that he offered, subject to certain conditions which were not met, to file a return and therefore he is excused from filing; and that he was not an employee because that term is limited to corporate officers and employees of government. These *435 arguments repeatedly have been rejected by this Court and others. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. a Memorandum Opinion of this Court, (payment of taxes is not voluntary); Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988), (respondent need not prepare a "substitute return" or sign such a return as a prerequisite to the issuance of a valid notice of deficiency); Woods v. Commissioner, 91 T.C. 88, 90 (1988), (taxpayer is required to file an income tax return); Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986), affg. a Memorandum Opinion of this Court, (sums received for personal services are properly income subject to taxation); Olk v. United States, 536 F.2d 876 (9th Cir. 1976), (tokes are includible in income under section 61). There is no need for a repetition of those discussions here. We find that respondent's method of reconstructing petitioner's income for the taxable years 1983, 1984 and 1985 was reasonable and not arbitrary, excessive, or without foundation. Petitioner has failed to satisfy his burden of proving error in respondent's determination of his income for the years in issue. Respondent has satisfied *436 his burden of proof with respect to the increased deficiencies asserted for years in issue. At the close of petitioner's case, respondent moved, pursuant to Rule 149(b), to dismiss those issues upon which petitioner bore the burden of proof. Respondent's motion was taken under advisement. We find it unnecessary to address respondent's motion in view of our conclusion that respondent has established the deficiencies as determined in the notice of deficiency and as asserted in his amendment to answer. Respondent determined additions to tax under section 6651(a), sections 6653(a)(1) and (a)(2) and section 6654(a). By amendment to his answer, respondent asserted increased additions to tax. Petitioner bears the burden of proving that the additions to tax, as determined in the notice of deficiency, do not apply. Rule 142(a). Respondent bears the burden of proof with respect to the increases in the additions to tax asserted in his answer. Rule 142(a). Section 6651(a)(1) imposes an addition to tax for failure to file an income tax return timely, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner clearly did not file income tax returns *437 for calendar years 1983, 1984 and 1985. Petitioner contends that he is not required to file a return under the law, that respondent did not tell him to file a return, and that he offered to file a return, subject to certain preconditions. There is no doubt that petitioner was required to file returns for the years in issue and that he was required to pay income taxes on his wages and toke income. See sec. 1; sec. 6011; sec. 6012(a)(1)(A); sec. 1.6012-1, Income Tax Regs. Accordingly, we sustain both the additions and the increased additions to tax under section 6651(a) for the years in issue because petitioner's failure to file was not due to reasonable cause but instead was due to willful neglect. Section 6653(a)(1) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2) prescribes an addition to tax equal to fifty percent of the interest payable with respect to the portion of the underpayment attributable to negligence or intentional disregard of the rules and regulations. Petitioner's repeated failures to *438 file income tax returns convince us that he intentionally disregarded the requirements set down for the filing of returns. Therefore, we find that petitioner is liable for both the additions and the increased additions to tax under sections 6653(a)(1) and 6653(a)(2) for the years in issue. Respondent determined and asserted an addition to tax under section 6654(a) for the underpayment of estimated tax. Except for $ 169.00 and $ .96 withheld in 1983 and 1984, respectively, petitioner did not make any estimated tax payments nor were amounts withheld from his income. This circumstance was due, in part, to the excessive number of exemptions claimed by petitioner on his Form W-4. Once a deficiency has been established, section 6654 is automatic unless one of the statutory exceptions applies. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). None of the exceptions apply in this case. Accordingly, both the additions and the increased additions to tax under section 6654(a) are sustained. Finally, we consider, on our own motion, whether the United States should be awarded damages under section 6673. Section 6673 provides, in pertinent part: Whenever it appears to the Tax Court that *439 proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceedings is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * We may award damages under section 6673 on our own motion. Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984). The record in this case establishes that petitioner had no interest in disputing the deficiencies and additions to tax on the merits. Instead, petitioner sought to delay these proceedings by refusing to stipulate, by requesting a continuance in the midst of trial and by making frivolous objections. Moreover, petitioner raised only frivolous, discredited arguments which are characteristic of tax protester rhetoric. Petitioner did not act out of ignorance. He consulted an accountant and received advice about tax matters. We are convinced that petitioner instituted and maintained these proceedings primarily for delay. We find petitioner's position in these proceedings was both groundless and frivolous. Accordingly, we award damages to the United States in the amount of $ 5,000 *440 pursuant to section 6673. Coulter v. Commissioner, supra at 584-586; Abrams v. Commissioner, 82 T.C. 403, 408-413 (1984). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Fifty percent of the interest due on the part of the underpayment attributable to negligence.↩
*. Fifty percent of the interest payable on $ 2,879.00 ↩
**. Fifty percent of the interest payable on $ 6,200.00↩
*. Fifty percent of the interest payable on the part the underpayment attributable to negligence. **. Fifty percent of the interest payable on $ 3,781.00 ↩
***. Fifty percent of the interest payable on $ 6,906.00↩