STEPHEN ALAN DICARLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
DiCarlo v. Commissioner
Docket No. 19672-90
United States Tax Court
T.C. Memo 1992-280; 1992 Tax Ct. Memo LEXIS 301; 63 T.C.M. (CCH) 3015; May 14, 1992, Filed *301 Decision will be entered under Rule 155. Stephen Alan DiCarlo, pro se. Donald K. Rogers, for respondent. BEGHE
BEGHE
MEMORANDUM FINDINGS OF FACT AND OPINION BEGHE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
[1]6653(a)(1)(A) [1]6653(a)(1)(B) 6654
1984
$ 5,093
$ 1,265
$ 255
n2
$ 317
1985
5,277
1,319
264
n2
301
1986
6,971
1,743
349
n2
337
1987
8,629
1,582
431
n2
409
The issues for decision are: (1) Whether petitioner was required to pay Federal income taxes and file returns for the taxable years before us; (2) if so, whether petitioner is entitled to charitable *302 contribution deductions for those years under section 170(a)(1); [1] and (3) whether petitioner is liable for additions to tax for failure to file returns, failure to pay estimated taxes, and for negligence or intentional disregard of rules and regulations. For the reasons that follow, we hold that petitioner was required to pay Federal income taxes and was required to file returns for the years at issue. We hold further that he was not entitled to charitable contribution deductions for the years at issue, and is liable for the additions to tax determined by respondent. Although respondent has not asked us to impose a penalty under section 6673, we decide, in the exercise of our discretion, to impose a penalty. FINDINGS OF FACT Such facts as are in evidence have been stipulated and are so found. The stipulated facts, *303 together with the attached exhibits, are incorporated herein by this reference. At the time he filed his petition, petitioner was a resident of Cincinnati, Ohio. Petitioner intentionally failed to file Federal income tax returns for the taxable years 1984, 1985, 1986, and 1987. Petitioner received gross income during those years in the following amounts: Year
Gross Income
1984
$ 24,035
1985
24,156
1986
30,041
1987
38,325
Petitioner paid itemized deduction expenses during the years at issue in the following amounts: Itemized
Year
Deduction Expenses
1984
$ 7,069.50
1985
6,449.55
1986
7,043.23
1987
6,037.90
Petitioner's total withholding and estimated tax payments for the years at issue were as follows: 1984
1985
1986
1987
Withholding
[1] $ 32
-0-
-0-
n2 $ 2,301
Estimated Tax
Payments
-0-
-0-
-0-
-0-
*304 Petitioner made no other tax payments for these years. The parties have stipulated that petitioner is entitled to dependency exemptions for his wife and two children for the taxable years in question, and that petitioner is not liable for the self-employment taxes for the taxable years 1984, 1985, and 1986 that were included in respondent's deficiency determinations for those years. The instructions for preparing Form 1040 (U.S. Individual Income Tax Return) for the years at issue did not bear an Office of Management and Budget (OMB) control number in the upper right-hand corner. Each of the Forms 1040, its schedules, Form W-2, and Forms 1099, for all relevant years, bore OMB control numbers in the upper right-hand corner. OPINION Petitioner is a practicing Roman Catholic who calls himself a religious objector to the Federal income tax. Petitioner argues, on the basis of the First Amendment's Free Exercise Clause, [2] that his religious beliefs excuse him from paying Federal income tax. Petitioner also makes a number of typical prepackaged tax protester arguments. *305 Although petitioner tries to characterize himself as not being a tax protester, we see no substantial difference between his arguments and the arguments of other tax protesters, who for one reason or another, have asserted that they are not required to comply with the internal revenue laws of the United States. Such arguments always fail. This Court and the other Federal courts have rejected them many times. See, e.g., United States v. Lee, 455 U.S. 252 (1982); Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983). A. Petitioner's Tax Liability
1. First Amendment
Petitioner argues that requiring him to pay Federal income taxes violates his First Amendment right to the free exercise of religion because the Federal Government spends its tax revenues on activities that are evil and contrary to the teaching of the Church. He cites as examples Federal funding of: Abortion, contraception, the military, pornography, homosexuality, sacrilegious art, the teaching of evolution, and the promotion of secular humanism. [3]
*306 Petitioner contends that requiring him to pay Federal income taxes would force him to support financially activities that are contrary to his religious beliefs. According to petitioner, such a requirement is an unconstitutional restriction on the free exercise of his religion. We disagree. We have heard similar arguments many times, most notably objections to the use of Federal tax dollars to wage war and conduct other military operations. See, e.g., Babcock v. Commissioner, T.C. Memo. 1986-168. In a number of these cases, taxpayers who otherwise filed returns and paid tax were held to have improperly claimed deductions, credits, or exemptions on the basis of their computation of the proportion that the Federal military budget bore to the total Federal budget for that year. Russell v. Commissioner, 60 T.C. 942 (1973); Lull v. Commissioner, T.C. Memo. 1978-74, affd. 602 F.2d 1166 (4th Cir. 1979); Graves v. Commissioner, T.C. Memo. 1976-353, affd. 579 F.2d 392 (6th Cir. 1978). In these cases, we followed the rule that: nothing in the Constitution prohibits the *307 Congress from levying a tax upon all persons, regardless of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not to pay a part of the tax. [Autenrieth v. Cullen, 418 F.2d 586, 588 (9th Cir. 1969).]
See also Schehl v. Commissioner, 855 F.2d 364 (6th Cir. 1988), affg. an order of this Court. A statute does not violate the First Amendment unless it directly restricts an individual's free exercise of religion. Employment Div., Dept. of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990) (State's prohibition of sacramental peyote use was not a violation of the Free Exercise Clause because such prohibition was an indirect effect of an otherwise valid and neutral law); Muste v. Commissioner, 35 T.C. 913, 918 (1961). It is clear that the Internal Revenue Code, in imposing an income tax and requiring that returns be filed, does not restrict an individual's free exercise of religion. Courts have repeatedly and uniformly held that *308 taxpayers' religious convictions do not entitle them to refuse to pay income taxes because of their disagreement with the way the Government spends the money. United States v. Lee, supra at 260; Ballinger v. Commissioner, 728 F.2d 1287, 1290 (10th Cir. 1984), affg. 78 T.C. 752 (1982). Petitioner is not relieved of the obligation to pay all or any part of his income taxes on the ground that the revenues are spent in a manner inconsistent with his religious beliefs. As the Supreme Court stated in United States v. Lee, supra at 260: The tax system could not function if denominations were allowed to challenge the tax system because tax payments were spent in a manner that violates their religious belief. See, e.g., Lull v. Commissioner, 602 F.2d 1166 (CA4 1979), cert. denied, 444 U.S. 1014 (1980); Autenrieth v. Cullen, 418 F.2d 586 (CA9 1969), cert. denied, 397 U.S. 1036 (1970). Because of the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of *309 taxes affords no basis for resisting the tax.
We hold that requiring petitioner to pay Federal income taxes is not an unconstitutional restriction on his right to the free exercise of religion. 2. Other arguments
Other more typical tax protester arguments advanced by petitioner are that his wages are not income, that the income tax is an excise tax, that he is not a taxpayer, and that respondent has not complied with various administrative requirements imposed by statute. There is absolutely no legal support for the proposition that petitioner's wages are not properly includable in his gross income or that he is not subject to taxes thereon. Petitioner's wages are includable in his gross income and subject to the Federal income tax. Sec. 61(a)(1); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). Petitioner's assertion that the income tax is an excise tax is simply wrong. The income tax is a tax on income, not on property. Smith v. Commissioner, T.C. Memo. 1991-612. Moreover, the income tax is constitutional. Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916); Crain v. Commissioner, supra. *310 Petitioner's assertion that he is not a "taxpayer", and hence not subject to the internal revenue laws of the United States is also wrong. See sec. 7701(a)(14) (defining taxpayer). Section 1 imposes a tax on the taxable income of "every individual". Petitioner is an individual and had taxable income in excess of the statutory minimum for each of the years in question. See sec. 6012(a)(1)(A) (persons with income under certain minimum amounts are not required to file returns). Petitioner is therefore a person subject to an internal revenue tax and is a taxpayer within the meaning of section 7701(a)(14). Petitioner argues that he is not subject to Federal income tax because the Treasury Department and Internal Revenue Service (IRS) have not published in the Federal Register their organizational structure, tax forms and instructions, or delegation orders. Petitioner also argues that the instructions for preparing income tax returns did not comply with the Paperwork Reduction Act. These arguments have no merit. In accordance with section 552 of the Administrative Procedure Act (APA), known as the Freedom of Information Act (FOIA), 5 U.S.C. sec. 552(a)(1)(A) (1988), [4] the organizational *311 structure of the Treasury Department and IRS was published in the U.S. Government Manual, a special edition of the Federal Register. 44 U.S.C. secs. 1504-1505, 1510 (1988); 1 C.F.R. sec. 9.1 (1991). For a description of the IRS, see U.S. Govt. Manual 448-449, 460-463 (June 1, 1986) or current edition. The FOIA also requires that each Federal agency publish in the Federal Register either "descriptions of forms available or the places at which forms may be obtained". 5 U.S.C. sec. 552(a)(1)(C) (1988). The FOIA does not require that the forms themselves be published in the Federal Register, but only descriptions of the forms or a notice of where they may be obtained. For the taxable years in question, the Treasury Department published in another special edition *312 of the Federal Register, the Code of Federal Regulations, [5] notice of where and how income tax forms could be obtained by taxpayers. 26 C.F.R. sec. 1.6011-1(b) (1991). This regulation specifically instructs taxpayers that tax forms are available through the district director's office. The U.S. Government Manual, in turn, states the name and address of the district director. In addition, Form 1040 incorporates by reference its instructions and corresponding schedules. We conclude that respondent fully complied with the FOIA's requirement that the public be informed of where tax forms and instructions may be obtained. Notice was duly given in the Federal Register, and petitioner is deemed to have received such notice. 44 U.S.C. sec. 1507 (1988). Moreover, we find nothing in the Federal Register Act, [6] or any other provision of the APA that requires Form 1040 or its instructions to be published in the Federal Register. See 5 U.S.C. secs. 552(a)(1)(D), *313 553(b) (1988); United States v. Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991) (IRS forms are not "rules" within the meaning of the APA and need not be published in the Federal Register).
Petitioner also argues that the Secretary of the Treasury improperly failed to publish his delegation orders in the Federal Register. However, such orders are merely rules of internal agency procedure that have no adverse effect on members of the public and need not be published in the Federal Register. Stamos v. Commissioner, 95 T.C. 624, 629-634 (1990); Schott v. Commissioner, T.C. Memo. 1991-457. [7]
*314 Petitioner's final argument in this vein is that he is not liable for any additions to tax because respondent failed to comply with the Paperwork Reduction Act of 1980 (PRA), Pub. L. 96-511, 94 Stat. 2812, 44 U.S.C. secs. 3501-3520 (1988). The PRA requires, among other things, that Federal agencies requesting information from the public obtain approval from OMB for all "information collection requests" and that an OMB control number be displayed on the information request. 44 U.S.C. sec. 3507(a)(3), (f) (1988). Petitioner argues that the Form 1040 instruction booklet is an "information collection request" within the meaning of 44 U.S.C. sec. 3502(11) and is subject to the requirements of the PRA. Petitioner goes on to argue that, under 44 U.S.C. sec. 3512, no penalties or additions to tax may be imposed on his failure to file returns or pay tax because there were not OMB control numbers on the instruction booklets for any of the years in question. This argument has been raised and rejected many times. See Ferguson v. Commissioner, T.C. Memo. 1992-95; Nulsen v. Commissioner, T.C. Memo. 1991-495; United States v. Crocker, 753 F. Supp. 1209, 1214-1216 (D. Del. 1991); *315 see also Dole v. United Steelworkers, 494 U.S. 26 (1990). The IRS instruction booklets are simply publications designed to help taxpayers more easily complete the information collection requests, i.e., their Federal income tax returns. We agree with respondent that the instructions for preparing Form 1040 are not "information collection requests" and are not subject to the OMB control number requirement of the PRA. Therefore, 44 U.S.C. sec. 3512, providing that no penalties may be imposed for disregarding information collection requests that lack OMB control numbers, does not apply to this case. On the basis of the foregoing, we hold, as matters of law, that petitioner does not avoid the liabilities for Federal income taxes or additions to tax that were determined by respondent. B. Charitable Contribution Deduction
The parties have agreed that if we find that petitioner is liable for Federal income taxes, the amount of the deficiencies will be calculated by taking the parties' stipulations into account. Inasmuch as petitioner is liable for Federal income taxes, we hold that petitioner must include all the gross income stipulated. He is also entitled *316 to all the stipulated deductions and exemptions. The parties should deal with these adjustments in the Rule 155 computation. In his petition, petitioner also asserted that he is entitled to additional itemized deductions under section 170 for charitable contributions made during the taxable years in question. Respondent does not agree that petitioner is entitled to any such deductions. Petitioner tried to persuade the Court through argument that he was entitled to charitable contribution deductions, but he presented no substantiating evidence. Petitioner did not proffer any records of such contributions as required by section 1.170A-13, Income Tax Regs., and refused to testify. We instructed petitioner that the Court would not allow him to bootstrap factual evidence of these alleged charitable contributions through the use of argument, but stated that the Court would listen to testimony on this subject. However, petitioner stated, citing Matthew, 5:33-37, and James, 5:12, that he would not testify because of his religious belief that he should not swear before God. We pointed out to petitioner in open court that the vast majority of his coreligionists do not agree *317 that these scripture passages prohibit them from testifying in court proceedings. [8] We further instructed petitioner that a conscientious refusal to "swear or affirm" does not prevent a witness from testifying. See Ferguson v. Commissioner, 921 F.2d 588 (5th Cir. 1991), revg. and remanding per curiam an Order of this Court. We informed petitioner that it would be sufficient, under Rule 603 of the Federal Rules of Evidence, for him to acknowledge that his testimony would be true and made under penalty of perjury. See Fed. R. Evid. 603 advisory committee's note, 56 F.R.D. 183, 263 (1973) ("The rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children"). Acknowledging the obligation to tell the truth under penalty of perjury does not require the witness to swear or to take an oath. Petitioner nonetheless refused to testify. *318 The Court allowed petitioner every opportunity to present his case and provide evidence of his alleged charitable contributions, yet he rejected our offer. In view of the complete lack of evidence in the record of any charitable contributions, petitioner has failed to meet his burden of proof, and we allow no deductions under section 170 for any of the taxable years in question. Rule 142. C. Additions to Tax
1. Section 6651(a)(1)
Section 6651(a)(1) imposes a 5-percent addition to tax for the failure to file an income tax return. The amount increases by 5 percent for each month that the return is not filed, not in excess of 25 percent in the aggregate. This addition to tax will not be imposed if the failure to file was "due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Petitioner was required to file income tax returns for all the years at issue and failed to do so. We have rejected all of petitioner's reasons for not filing returns and paying tax. Petitioner asserts, in part, that his failure to file income tax returns was due to his good faith belief that doing so would be in conflict with his religious convictions, and that therefore *319 his failure to file was due to reasonable cause and not willful neglect. As authority for this proposition, petitioner cites Cheek v. United States,     U.S.    , 111 S. Ct. 604, 610-612 (1991), holding that under the criminal tax evasion provisions of sections 7201 and 7203, a good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness, even if the claimed misunderstanding or belief is not objectively reasonable. Petitioner's argument is misplaced. The term "willful neglect", as used in section 6651(a)(1) means a "a conscious, intentional failure or reckless indifference". United States v. Boyle, 469 U.S. 241, 245 (1985). Under this standard, petitioner's failure to file returns was due to willful neglect. Moreover, petitioner is not excused from failing to file because he has not shown that such failure was reasonable. "Reasonable" means the exercise of ordinary business care and prudence, which is an objective standard. United States v. Boyle, supra at 246; Crocker v. Commissioner, 92 T.C. 899, 913 (1989), sec. 301.6651-1(c)(1), *320 Proced. & Admin. Regs. The record in this case and petitioner's own arguments lead inexorably to the conclusion that he acted unreasonably with respect to his income tax obligations. We therefore sustain respondent's determinations of additions to tax under section 6651(a)(1). 2. Section 6653(a)
Sections 6653(a)(1) and 6653(a)(1)(A) impose an addition to tax equal to 5 percent of the underpayment due to negligence or intentional disregard of rules and regulations. Pursuant to these sections, if any part of the underpayment was due to negligence or intentional disregard of rules and regulations, the 5-percent addition to tax is imposed on the entire underpayment. Sections 6653(a)(2) and 6653(a)(1)(B) impose an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Negligence has been defined as a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. 43 T.C. 168 (1964); *321 Neely v. Commissioner, 85 T.C. 934, 947 (1985). As demonstrated by the record, petitioner intentionally disregarded the rules and regulations requiring him to file returns and pay income taxes. We have held that a person who repeatedly fails to file is liable for additions to tax under section 6653(a). Lanham v. Commissioner, T.C. Memo. 1989-429. In addition, the reliance on frivolous constitutional objections to the income tax laws to justify noncompliance constitutes negligence under section 6653(a). Cooley v. Commissioner, T.C. Memo. 1986-423; Lee v. Commissioner, T.C. Memo. 1986-294. We conclude, on the basis of petitioner's objectively unreasonable justifications for refusing to file returns and pay tax for the years at issue, that he did not make a reasonable attempt to comply with the requirements of the Code and thus acted negligently or with intentional disregard of rules and regulations. We therefore sustain respondent's determinations of additions to tax under section 6653(a). 3. Section 6654
Section 6654 imposes an addition to tax for the failure to make timely and sufficient *322 payments of estimated tax. This addition is calculated by applying the underpayment interest rate established under section 6621 to the amount of the underpayment for the period of the underpayment. Sec. 6654(a). With the exception of a small amount of wage withholding in 1984 and some withholding in 1987, petitioner did not make the required estimated tax payments for the years at issue. We therefore sustain respondent's determinations of additions to tax under section 6654. D. Sanctions
Section 6673(a)(1) currently provides: [9]
(1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
*323 Although respondent has not sought a penalty under section 6673(a), we find, in the exercise of our discretion, that this is a case in which a penalty would be appropriate. Petitioner has advanced an assortment of frivolous and groundless tax protester arguments. In so doing, he has wasted the time and resources of the Court and the Internal Revenue Service. As we have done on our own motion in other tax protester cases, we require that petitioner pay a penalty to the United States. Taylor v. Commissioner, T.C. Memo. 1992-59; see also Schehl v. Commissioner, 855 F.2d 364, 367 (6th Cir. 1988), affg. an Order of this Court. The amount of the penalty we impose in this case is $ 2,000. However, we also warn petitioner that, if he again finds himself in this Court and pursues similar lines of argument, we will not hesitate to impose a heavier penalty under section 6673(a), up to $ 25,000. Finally, petitioner stated in his brief that "if the need arises I will flesh out this argument as I appeal my case to higher courts." We take this occasion to inform petitioner, as we have informed other tax protesters, see Abrams v. Commissioner, 82 T.C. 403, 410-412 (1984), *324 that the Court of Appeals is not without its own sanctioning powers if it finds an appeal to be frivolous. Sec. 7482(c)(4); 28 U.S.C. sec. 1912 (1988); F.R. App. P. 38. The Sixth Circuit Court of Appeals, to which this case is appealable, has not hesitated in appropriate cases to use its power to order sanctions pursuant to these provisions. See Schehl v. Commissioner, supra at 367; Schoffner v. Commissioner, 812 F.2d 292 (6th Cir. 1987); Martin v. Commissioner, 756 F.2d 38, 40-41 (6th Cir. 1985), affg. T.C. Memo. 1983-473; Martin v. Commissioner, 753 F.2d 1358 (6th Cir. 1985). On the basis of petitioner's gross income, deductions, and exemptions for the years at issue as stipulated, a recomputation of the tax liabilities and various additions to tax is required. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Prior to 1986 these provisions were sec. 6653(a)(1) and (2). This was noted in the notice of deficiency for 1984 and 1985. The First Amendment to the Constitution provides, in relevant part, that:
Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof * * *. [Emphasis added.]
[2]↩ 50 percent of the interest due computed on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Petitioner paid $ 8 in withheld tax by the end of each quarter of 1984. [2] Petitioner paid $ 576, $ 575, $ 575, and $ 575 in withheld tax by the end of each respective quarter of 1987.↩
3. No evidence was submitted as to whether any of the activities cited by petitioner are or are not funded by the United States, whether the Roman Catholic Church condemns any of these activities, or whether the Church has exercised its teaching authority so as to validate or even encourage any of petitioner's arguments. To the extent these matters are based on matters of theology, they are "beyond our special competence or jurisdiction," Lonsdale v. Commissioner, 661 F.2d 71, 72 n.1 (5th Cir. 1981), affg. T.C. Memo. 1981-122, but we believe it appropriate, as the Fifth Circuit said in Davis v. United States, 742 F.2d 171, 172 (5th Cir. 1984), and this Court has done on other occasions, Soloniuk v. Commissioner, T.C. Memo. 1982-339, Devine v. Commissioner, T.C. Memo. 1984-76, to remind petitioner of the scripture passage: "* * * repay to Caesar what belongs to Caesar and to God what belongs to God." Matthew 22:21; Luke↩ 20:25 (New American Bible).
4. In 1967, the Freedom of Information Act replaced 5 U.S.C. sec. 552↩, as enacted by Act of June 11, 1946, ch. 324, sec. 3, 60 Stat. 238, with a new provision under the same U.S. Code section designation. Act of June 5, 1967, Pub. L. 90-23, 81 Stat. 54.
5. 44 U.S.C. sec. 1510 (1988); 1 C.F.R. secs. 5.5, 8.1 (1991)↩.
6. Act of July 26, 1935, ch. 417, sec. 5, 49 Stat. 500, as amended by Act of Oct. 22, 1968, Pub. L. 90-620, 82 Stat. 1274, and currently codified at 44 U.S.C. secs. 1501 et seq. (1988)↩.
7. See also Billman v. Commissioner, 83 T.C. 534, 538-540 (1984), affd. 847 F.2d 887↩ (D.C. Cir. 1988) (Form 1040 Privacy Act notice not required to be published in the Federal Register).
8. The Catholic Almanac 330 (1992) states that swearing is "a legitimate thing to do for serious reasons and under proper circumstances, as in a court of law".↩
9. Sec. 6673(a)(1)↩ was amended by sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 and applies to positions taken after December 31, 1989, in proceedings pending on or commenced after such date.